UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT DARNELL, Individually and as
Representative of Deceased WILLIAM
DARNELL,

        Plaintiff,

v.

HOELSCHER, INC.,

        Defendant.

Case No. 09-cv-204-JPG

# MEMORANDUM AND ORDER

**I. Jurisdiction**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 7) filed by defendant Hoelscher, Inc.:

1. **Failure to allege the citizenship of decedent.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008); *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). The defendant recognizes the rule regarding the citizenship of the representative, but it alleges the decedent's residence, not his citizenship, prior to his death. The defendant must allege the decedent's citizenship.

2. **Failure to allege the requisite amount in controversy.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. The defendant has alleged that "there exists a reasonable probability that the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest in costs." However, the Seventh Circuit Court of Appeals has disavowed the "reasonable probability" phraseology. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 54 (7th Cir. 2006) ("We now retract that language; it has no

role to play in determining the amount in controversy."); *id.* at 542 ("'Reasonable probability that jurisdiction exists', a phrase with no provenance and no following outside this circuit, is banished from our lexicon."). The defendant must allege not a *reasonable probability* that the jurisdictional amount is at issue but that the jurisdictional amount *is* at issue.

The Court hereby **ORDERS** that the defendant shall have up to and including March 27, 2009, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The defendant is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

## II. Corporate Disclosure Statement

After reviewing defendant Hoelscher, Inc.'s notice of removal, the Court notes that the defendant has violated Federal Rule of Civil Procedure 7.1, which requires a non-governmental corporate party to submit a corporate disclosure statement at the time of its first appearance, pleading, petition, motion, response or other request addressed to the Court. The Court hereby **ORDERS** the defendant to file on or before March 27, 2009, the appropriate corporate disclosure statement. Failure to comply with this order may result in striking of the notice of removal and any other filings pursuant to the Court's inherent authority.

**IT IS SO ORDERED.**
**DATED: March 17, 2009**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**