UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT DARNELL, Individually and as
Representative of Deceased WILLIAM DARNELL,

    Plaintiff,

  v.

HOELSCHER, INC.,

    Defendant.

Case No. 09-cv-204-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Hoelscher, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 10). Plaintiff Robert Darnell has responded to the motion (Doc. 21).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic*, the Supreme Court held that this requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," as stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

## II.  Facts Alleged

The plaintiff alleges that William Darnell, the decedent, was operating the Hoelscher Model 1000 Hay Accumulator with serial number #04816 ("the Accumulator"), a piece of farm equipment designed, manufactured and distributed by defendant Hoelscher. He alleges that, since the time it left Hoelscher's control, the Accumulator was defective because it was unreasonably dangerous in five

specific ways, which he lists in the complaint. The alleged defects relate to the Accumulator's hydraulic loading mechanism. As a result of the defects, the Accumulator jammed, then moved without activation, injuring the decedent and ultimately causing his death.

In January 2009, the plaintiff, who is the administrator of the decedent's estate, brought a lawsuit in the Circuit Court for the Second Judicial Circuit in Franklin County, Illinois, seeking to recover from Hoelscher on a strict products liability theory. Hoeslcher removed the case to federal court relying on the Court's original diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and now asks the Court to dismiss the case pursuant to Rule 12(b)(6) for failure to state a claim. Specifically, Hoelscher faults the plaintiff for failing to plead a specific statute under which he brings this action and for failing to plead when and where the decedent was injured, the vendor who sold the Accumulator and the method in which the decedent was using the Accumulator when he was injured. The plaintiff responds that his cause of action is brought under the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, and that his pleading is sufficient in light of federal notice pleading standards.

### III. Analysis

As a preliminary matter, the Court notes that federal notice pleading standards apply in this case, not Illinois fact pleading standards. "It is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

Hoelscher has not heeded the lesson of *Doe v. Smith*, 429 F.3d 706 (7th Cir. 2005), in which the Court of Appeals for the Seventh Circuit wrote, "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:

3

What rule of law *requires* a complaint to contain that allegation?." *Id.* at 708 (emphasis in original).

There is no rule that requires a complaint to allege the statutory basis upon which a cause of action is founded or the detailed facts cited by Hoelscher in its motion. *See Shah v. Inter-Continental Hotel Chicago Operating Corp.,* 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply."). *Bell Atlantic* simply requires the complaint to plead enough facts to put the defendant on notice of the plaintiff's claim and its basis, and to plead enough facts to plausibly suggest he has a right to relief above a speculative level. The defendant has recognized this as a strict products liability case based on defects in the Accumulator and seeking damages resulting from the injury and death of the decedent. Thus, the complaint satisfies the first *Bell Atlantic* requirement. The complaint also identifies the Accumulator by its model and serial number, describes the alleged defects with specificity, alleges that they existed when the Accumulator left Hoelscher's control, and states the resulting harm to the decedent and his family. These are enough facts to allow the court to draw the reasonable inference that Hoelscher is liable. The details will be fleshed out in the discovery process. In sum, the complaint is adequate and cannot be dismissed under Rule 12(b)(6) for failure to state a claim.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Hoelscher's motion to dismiss (Doc. 10).

**IT IS SO ORDERED.**
**DATED:  June 23, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
