IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT DARNELL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **09-204-JPG** |
| ) | |
| **HOELSCHER, INC.**, ) | |
| ) | |
| Defendant. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to strike defendant's affirmative defenses (Nos. 1-5), pursuant to Federal Rule of Civil Procedure 12(f). **(Doc. 35).** In response, defendant essentially counters that the affirmative defenses asserted are well recognized in product liability actions and meet the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2). **(Doc. 36).**

As a preliminary matter, it is noted that although affirmative defenses are matters of substantive law, their application and the mechanics by which they may be utilized are matters of procedure and therefore governed by federal law. ***Kincheloe v. Farmer*, 214 F2d 604, 605 (7th Cir. 1954).** Federal Rule of Civil Procedure 8(c) requires that any "avoidance or affirmative defense" be plead. Federal Rule of Civil Procedure 8(a) requires only a short, plain statement of a claim. Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. ***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).** The Court may strike any defense that is insufficient or any redundant, immaterial, impertinent, or scandalous matter. **Fed.R.Civ.P. 12(f).** "Motions to strike 'are "not favored and

will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense,'" *Glenside West Corp. v. Exxon Co.,* 761 F.Supp. 1100, 1115 (D.N.J.1991) (quoting *Durham Indus. v. North River Ins. Co.,* 482 F.Supp. 910, 913 (S.D.N.Y.1979)), and are inferable from the pleadings, *see United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975)." **Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991).** Although motions to strike are disfavored, they may be granted when it is appropriate to remove clutter from the case. **Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).** The striking of affirmative defenses is typically a matter of formalism with little or no substantive impact.[1]  **Amelio v. Yazoo Manufacturing Co., 98 F.R.D. 691, 693 (N.D. Ill. 1983).**

The Court of Appeals for the Seventh Circuit has acknowledged that there is a split among the judicial circuits regarding how to define "affirmative defense" for purposes of Rule 8(c). **Carter v. U.S., 333 F.3d 791, 796 (7th Cir. 2003).** Although there is still no clear, full resolution of the issue, the Court of Appeals for the Seventh Circuit has found that complete *and* partial defenses fall within the ambit of Rule 8(c). **A.D.E., Inc., v. Louis Joliet Bank and Trust Co., 742 F.2d 395, 397 (7th Cir. 1984).** For example, damages caps and comparative negligence have specifically been deemed affirmative defenses for purposes of Rule 8(c). **Carter v. U.S., 333 F.3d 791, 796 (7th Cir. 2003).** Therefore, this Court will not strike an affirmative defense merely because it is not a complete defense. Each of the disputed affirmative defenses **(Doc. 30)**

---

[1]There does not appear to be any substantive or "dispositive" impact if any of the affirmative defenses at issue are stricken.  Therefore, in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(a)(1), the subject motion falls with the prerogative of a Magistrate Judge.

will be addressed in turn, based on the aforementioned principles.

Affirmative Defense No. 1 is premised upon the theory of "assumption of the risk." Plaintiff takes issue with defendant's assumption that plaintiff's decedent was aware of a risk, and the absence of alleged facts regarding the affirmative defense.  Assumption of the risk is an affirmative defense under Illinois law.  ***Byrne v. S.M.C. Corp.*, 545 N.E.2d 105 (1989); *Continental Group, Inc., v. Lincoln Land Moving and Storage, Inc.*, 710 F.2d 368, 371 (7th Cir. 1983).**  As pled, Affirmative Defense No. 1 satisfies the liberal notice pleading standard. Facts inferable from the complaint could support the defense.  **(*See* Doc. 2-1, ¶ 3).**  Therefore, Affirmative Defense No. 1 will stand.

Affirmative Defense No. 2 alleges several liability and addresses comparative fault. Plaintiff objects that several liability is not a complete defense, and that the third parties referenced in Affirmative Defense No. 2 are not specified.  Insofar as defendant does not specifically name the third parties that it perceives share liability, now that a third party complaint has been filed, this issue is essentially moot.  Therefore, the Court will not strike Affirmative Defense No. 2 only to have it replead.

Affirmative Defense No. 3 claims contributory negligence and references the comparative fault calculus under Illinois law.  Plaintiff contends the defense has not been properly plead, in that a factual basis for the contributory negligence claim is not offered. Defendant premised this defense on the allegation that plaintiff's decedent "failed to take such reasonable steps to ensure his own safety."  There are no allegations in the complaint or the answer which readily suggest a basis for this defense.  Defendant has essentially offered no more than the legal theory of contributory negligence itself, which is insufficient in light of ***Bell***

*Atlantic Corp. v. Twombly,* **550 U.S. 544, (2007).** Although Affirmative Defense No. 3 will be stricken, *if* defendant uncovers some factual basis for alleging contributory negligence, defendant may move to amend its answer in order to assert such an affirmative defense.

Affirmative defense No. 4 asserts in its entirety: "Plaintiff's injuries were due, in whole or in part, to Plaintiff William Darnell's misuse of the hay accumulator." As with Affirmative Defense No. 3, this defense is far too vague to pass muster under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, (2007). Therefore, Affirmative Defense No. 4 will be striken. *If* defendant uncovers some factual basis for alleging contributory negligence, defendant may move to amend its answer in order to assert such an affirmative defense.

Affirmative Defense No. 5 states in its entirety: "William Darnell assumed the risks associated with such use of the hay accumulator product." Defendant views this as a mere assertion, and redundant in view of Affirmative Defense No. 1. This defense can certainly be read as a mere assertion, but it can also be read as a bare bones affirmative defense. As with Affirmative Defense No. 1, the Court perceives a factual basis within the complaint. (*See* **Doc. 2-1, ¶ 3).** The Court also discerns a legal distinction between Affirmative Defenses Nos. 1 and 5. Illinois recognizes express assumption of the risk, primary implied assumption of the risk, and secondary implied assumption of the risk. *Evans v. Lima Lima Flight Team, Inc.*, **869 N.E.2d 195, 206 (Ill.App. 1st Dist. 2007);** *County Mutual Insurance Co. v. Sunbeam Products, Inc.,* **500 F.Supp.2d 986, 990 (N.D.Ill. 2007).** Because of this nuanced categorization, the Court will not strike Affirmative Defense No. 5, although its drafting leaves much to be desired.

**IT IS HEREBY ORDERED** that, for the aforementioned reasons, plaintiff's motion to strike (**Doc. 35**) is **GRANTED IN PART AND DENIED IN PART**. Affirmative Defenses

Nos. 3 and 4 are **STRICKEN**.

DATED: December 4, 2009                          s/ Clifford J. Proud
                                                                                    **CLIFFORD J. PROUD**
                                                                                    **U. S. MAGISTRATE JUDGE**