IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DARNELL, Individually, and as Representative of Deceased, WILLIAM DARNELL,<br><br>   Plaintiff,<br><br>vs.<br><br>HOELSCHER Inc., a corporation, and F.B. MCAFOOS & COMPANY,<br><br>   Defendants,<br><br>and<br><br>HOELSCHER Inc., a corporation,<br><br>   Third-Party Plaintiff,<br><br>vs.<br><br>WRC FARMS, LLC, WRC THOROUGHBREDS, INC., and F.B. MCAFOOS & COMPANY,<br><br>   Third-Party Defendants. | Cause No. 09-cv-204-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Robert Darnell's motion to remand this case to the Circuit Court for the Second Judicial Circuit, Franklin County, Illinois (Doc. 82). Defendants Hoelscher, Inc. ("Hoelscher") (Doc. 88) and F.B. McAfoos & Company ("McAfoos") (Doc. 92) and third-party defendant WRC Thoroughbreds, Inc. (Doc. 94) have responded to the motion. Darnell has replied to Hoelscher's response (Doc. 93).

**I.   Background**

This case arose after William Darnell, the plaintiff's decedent, died while operating the

Hoelscher Model 1000 Hay Accumulator with serial number #04816 ("the Accumulator"), a piece of farm equipment designed, manufactured and distributed by defendant Hoelscher. McAfoos sold the Accumulator to the decedent as an agent of the decedent's employer, WRC Farms, LLC. The plaintiff believes that, since the time it left Hoelscher's control, the Accumulator was defective because it was unreasonably dangerous in five specific ways, which he lists in the complaint. The alleged defects relate to the Accumulator's hydraulic loading mechanism. As a result of the defects, the Accumulator jammed, then moved without activation and injured the decedent, ultimately causing his death. The plaintiff also believes McAfoos was negligent in assembling the Accumulator before selling it and in failing to provide the decedent with adequate instructions about how to safely operate it.

In January 2009, the plaintiff, who is the administrator of the decedent's estate, brought a lawsuit in the Circuit Court for the Second Judicial Circuit in Franklin County, Illinois, seeking to recover from Hoelscher on a strict products liability theory. Hoelscher removed the case to federal court relying on the Court's original diversity jurisdiction, *see* 28 U.S.C. § 1332(a). Darnell is a citizen of Illinois, the decedent's state of citizenship prior to his death, and Hoelscher is a citizen of Kansas, so complete diversity existed. In addition, Darnell clearly claims more than $75,000, exclusive of interest and costs. Thus, the Court had original diversity jurisdiction over this case.

In September 2009, Hoelscher filed a third-party complaint against McAfoos and other parties alleging that they share in any liability to Darnell. McAfoos is a citizen of Illinois, but since it was only a third-party defendant its common citizenship with Darnell did not destroy diversity jurisdiction, and the Court had supplemental jurisdiction under 28 U.S.C. § 1367(a) to

hear Hoelscher's third-party claim against McAfoos. *See Abbott Labs. v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858 (7th Cir. 2002).

The current jurisdictional controversy arose when Darnell sought and was granted leave to amend his complaint to allege a negligence claim directly against McAfoos. Because Darnell and McAfoos were both citizens of Illinois, the amendment would destroy diversity jurisdiction. Despite knowing of McAfoos' potential liability for the decedent's death since at least September 2009, when Hoelscher brought it into the case, Darnell did not seek leave to amend his complaint until May 11, 2010, shortly before an expert witness disclosure deadline that could have been avoided with a prompt remand. In his motion for leave to amend the complaint, Darnell did not alert the Court that granting leave to add McAfoos as a defendant would destroy complete diversity between the plaintiff and defendants. For its part, Hoelscher did not file a response objecting to the motion or noting the jurisdictional problem that would result if leave to amend were granted. Magistrate Judge Clifford J. Proud granted the motion on May 27, 2010, without acknowledging the jurisdictional implications of his order. Hoelscher did not object to Magistrate Judge Proud's order as being clearly erroneous or contrary to law as it could have done under Federal Rule of Civil Procedure 72(a) and Local Rule 73.1(a).

Days after he filed his amended complaint, Darnell filed a motion to remand this case to state court pursuant to 28 U.S.C. § 1447(e) because the plaintiff is no longer completely diverse from the defendants. In his motion, Darnell also seeks to bolster Magistrate Judge Proud's decision to allow the addition of McAfoos as a defendant. Hoelscher, McAfoos and WRC Thoroughbreds, Inc. argue in response that Magistrate Judge Proud's decision was wrong.

**II.     Analysis**

No party seriously disputes that, in a case removed under 28 U.S.C. § 1441(a) that relies on original diversity jurisdiction under 28 U.S.C. § 1332(a), the Court must remand the case pursuant to 28 U.S.C. § 1447(e) when a plaintiff is permitted to amend his pleading to join a nondiverse defendant. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). Joinder of the nondiverse defendant destroys the complete diversity required by 28 U.S.C. § 1332(a) and divests the Court of subject matter jurisdiction. *Id.* Thus, if Darnell was properly permitted to add McAfoos as a defendant, the Court must remand this case for lack of jurisdiction. The parties do not dispute this "if-then" proposition.

The real issue in this case is whether Magistrate Judge Proud's decision to allow Darnell to amend his complaint to join McAfoos as a defendant was proper. Although no party has objected to that order, the Court may *sua sponte* review it for clear factual or legal error under 28 U.S.C. § 636(a)(1)(A) and Local Rule 73.1(a). *Id.* at 760-61. Furthermore, the fact that a magistrate judge's order would ultimately result in the loss of jurisdiction does not deprive an Article III judge of jurisdiction to reexamine that order. *Id.* at 761-62. Reexamination of a magistrate judge's decision to allow joinder of a nondiverse party is especially appropriate where the magistrate judge did not conduct the analysis required by 28 U.S.C. § 1447(e) or acknowledge the jurisdictional implications of his order. *See id.*

Because Magistrate Judge Proud did not reference 28 U.S.C. § 1447(e) or acknowledge the jurisdictional consequences when he allowed Darnell to amend his complaint to add McAfoos as a defendant, the Court will *sua sponte* review his order under 28 U.S.C. § 636(a)(1)(A) and Local Rule 73.1(a). A district court reviewing a magistrate judge's decision on

nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 73.1(a). Accordingly, the Court will affirm Magistrate Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Magistrate Judge Proud's decision to allow Darnell to join McAfoos as a defendant was not clearly erroneous or contrary to law.

The Court begins its review with *Schur v. L.A. Weight Loss Centers*, which is remarkably similar to this case in all relevant respects. *Schur* also relied on removal jurisdiction based on original diversity jurisdiction and examined the propriety of a magistrate judge's decision to allow the plaintiff to amend her complaint to join nondiverse defendants. *Id.* at 756-57. There, the plaintiff had known about the nondiverse defendants for nearly a year before seeking to add them to the case. *Id.* at 757. Shortly after filing her amended complaint, the plaintiff moved to remand the case to state court, but the district court denied the motion, finding that the nondiverse defendants were fraudulently joined and that the plaintiff's joinder request was untimely. *Id.* As a result, the district court struck the amended pleading and retained jurisdiction over the case. *Id.* at 758.

In reviewing the lower court's joinder decision, the Court of Appeals adopted four factors the Court should consider: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* at 759. The Court further noted that the district court has discretion to permit joinder of a nondiverse party and that it should balance the equities in

making that determination. *Id.* The Court of Appeals found that joinder was warranted in *Schur* because the nondiverse defendants were not fraudulently joined and because the plaintiff learned of the nondiverse defendants' specific roles in the dispute only two months before seeking leave to amend the complaint. *Id.* at 767. The Court found that the plaintiff's waiting until she had a good faith basis to add the nondiverse defendants reflected a legitimate motive for seeking the joinder. *Id.* The Court of Appeals also balanced the defendant's desire to avoid the potential bias of local courts with the plaintiff's interest in avoiding the cost and inconvenience of parallel state and federal court lawsuits involving the same acts. *Id.* at 768. Ultimately, it found joinder was proper. *Id.*

Applying the *Schur* factors to this case, the Court finds Magistrate Judge Proud's decision to allow joinder of McAfoos was proper.

A.  Motive for Seeking Joinder

Darnell claims he sought to bring McAfoos into this action because the company may be directly liable to Darnell if the allegations of the third-party complaint prove to be true. Further, Darnell asserts that it filed the motion to amend only after Hoelscher's brought McAfoos' potential negligence to its attention and after it had an opportunity to investigate those allegations. Hoelscher argues that Darnell's amendment is solely to defeat jurisdiction and avoid impending deadlines to disclose and depose expert witnesses. Hoelscher claims Darnell knew about McAfoos potential liability early enough that he could have sued McAfoos in the original complaint.

Here, the Court finds Darnell's motive for seeking joinder to be proper because the motion for leave to amend and add McAfoos as a defendant is based on potential liability,

clearly a legitimate motive for wanting to bring a party into a case. Indeed, in its third-party complaint Hoelscher alleged McAfoos failed to provide Darnell with adequate owner's manuals and instructions concerning safe operation of the Accumulator. It also alleges McAfoos failed to properly assemble the Accumulator before placing it in the stream of commerce. If such allegations are true, it is reasonable for Darnell to seek damages directly from McAfoos. Further, it would be disingenuous for Hoelscher to allege liability on the part of McAfoos for these actions and then claim Darnell is acting improperly by pursuing McAfoos directly. Any suspicions that Darnell's amended complaint might have been designed to disturb the discovery schedule will not outweigh his clearly legitimate motive of seeking liability from a potentially negligent party.

    B.    <u>Timeliness</u>

Darnell avers he did not act in dilatory manner in filing his motion to amend eight months after Hoelscher filed its third-party complaint seeking to hold McAfoos liable for the plaintiff's decedent's death. After reviewing the third-party complaint, Darnell claims he proceeded to obtain additional information through discovery and then filed his motion for leave to amend when he could sue McAfoos in good faith. On the other side, Hoelscher argues Darnell waited longer than necessary to file his motion for leave to amend. Hoelscher points out that Darnell filed the motion fourteen months after he first inquired through the initial discovery about McAfoos' involvement and eight months after Hoelscher added McAfoos as a third-party defendant. Hoelscher asserts that, as the expert witness discovery deadline approached, Darnell sought leave to amend for the sole purpose of divesting this court of jurisdiction to avoid that deadline.

While the Court believes Darnell may not have acted as promptly as he could have to join McAfoos as a defendant, it believes some reasonable delay to ensure the joinder would be in good faith was required.  The Court cannot say that an eight-month delay following Hoelscher's third-party complaint, which spelled out the basis for McAfoos' potential liability, was excessive even if the delay disturbed the expert witness discovery schedule.  Furthermore, the Court does not believe Hoelscher was unduly prejudiced by the eight-month delay.

C.    Significant Injury to Plaintiff and Other Equitable Considerations

Darnell would be significantly injured if joinder were not allowed.  Darnell would be forced to bring a separate lawsuit against McAfoos in state court, which would result in additional costs to Darnell in both time and money.  Furthermore, it would waste valuable judicial resources to consider the same liability issues in two separate proceedings.

The Court is mindful of Hoelscher's interest in avoiding a potentially biased local forum in an Illinois state court.  The Court notes, however, that Hoelscher did not think this interest important enough to protect by opposing Darnell's motion to amend the complaint or by objecting to Magistrate Judge Proud's order allowing the amendment.  The Court is not inclined to find very weighty an interest a party is not prepared to support on its own.

On balance, the equities favor allowing Darnell to amend his complaint to proceed against McAfoos and Hoelscher in the same action.

For the foregoing reasons, the Court finds that Magistrate Judge Proud's order allowing Darnell to amend his complaint to join McAfoos as a defendant was proper.

**III.    Conclusion**

Because the Court has found that allowing Darnell to join McAfoos as a defendant was

not clearly erroneous or contrary to law and because such joinder destroyed the original diversity jurisdiction upon which federal subject matter jurisdiction relies in this case, the Court must remand this case.  Accordingly, the Court **GRANTS** Darnell's motion to remand (Doc. 82) and **REMANDS** this case to the Circuit Court for the Second Judicial Circuit, Franklin County, Illinois.

**IT IS SO ORDERED.**
**DATED this 4th day of August, 2010.**

                                          s/ J. Phil Gilbert
                                          **JUDGE J. PHIL GILBERT**